ORIGINAL

# In the United States Court of Federal Claims

No. 14-58 C
(Filed May 30, 2014)

|  |  |
|---|---|
| SOLOMON UPSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**FILED**

MAY 30 2014

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff, Solomon Upshaw, filed a Complaint against the United States, attaching a letter dated January 10, 2014, addressed to him from the Enrollment Clerk, Eastern Band of Cherokee Indians. The letter notified plaintiff that the Eastern Band of Cherokee Indians declined to enroll plaintiff. Plaintiff's Complaint seeks damages for the enrollment failure.

On March 28, 2014, defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to RCFC 12(b)(1) and RCFC 12(b)(6).

Plaintiff's Response to the Motion to Dismiss includes considerable documentation extraneous to his pleaded claim against the United States, such as his dispute with a private party over ownership of a 1992 Kenworth truck. The April 17, 2014 submission, Doc. 6-1, does add documents showing that in 1907 Georgeana Upshaw's application for a share of the money appropriated for the Eastern Cherokee Indians by Act of Congress approved June 30, 1906, in accordance with the decrees of the Court of Claims of May 18, 1905 and May 28, 1906, was rejected. Doc. 6-1 at 1, 8. *See Cherokee Nation v. United States*, 270 U.S. 476 (1926). Plaintiff asserts the 1907 rejection of Georgeana Upshaw's application to be "fraud." Plaintiff considers that he is a descendant of Georgeana Upshaw and asserts he has suffered injury by reason of this 1907 application rejection, namely, his recent enrollment failure with the Eastern Band of Cherokee Indians.

Defendant's dismissal motion argues that plaintiff has not pleaded a claim within the jurisdiction of this court to grant relief. Upon analysis it is concluded that defendant's position is correct.

In general, federal courts lack jurisdiction to intervene in tribal membership disputes such as the enrollment failure on which plaintiff rests his claim. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-72 (1978); *Lewis v. Norton*, 424 F.3d 959, 960 (9th Cir. 2005); *Apodaca v. Silvas*, 19 F.3d 1015, 1016 (5th Cir. 1994). Plaintiff cites no treaty, statute or tribal law requiring that the federal government act in Cherokee enrollment issues and granting a right to recovery in damages in the event of a breach of any of fiduciary duties so created. Absent such a provision, plaintiff has not pleaded a matter within this court's jurisdiction. *Wopsock v. Natchees*, 454 F.3d 1327, 1331-33 (Fed. Cir. 2006).

Finally, to the extent plaintiff's reliance on a 1907 rejection of Georgeana Upshaw's application for a share of an appropriated fund were construed as an attempt by plaintiff to overturn the 1907 rejection and to receive the appropriate share, the matter would be beyond the jurisdiction of this court pursuant to 28 U.S.C. § 2501.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and plaintiff's Complaint shall be **DISMISSED** pursuant to RCFC 12(b)(1).

James F. Merow
Senior Judge